*716 OPINION.
Love:
There being no deficiency determined for the year ended June 30,1922, we have no jurisdiction to redetermine the petitioner’s tax liability for that year. Section 274 (g), Revenue Act of 1926; Appeal of Cornelius Cotton Mills, 4 B. T. A. 255.
The amounts spent for cigars and cigarettes presented to customers and buyers were, in the circumstances of this case, ordinary and necessary business expenses and deductible from gross income.
The petitioner’s position with respect to the bad debts collected in the year ended June 30, 1920, is that they were not in fact ascertained to be worthless when charged off in the previous year; therefore, the income for such previous year was erroneously reduced by such deduction.
The petitioner determined the debts to be worthless and charged off the same. The evidence here presented is not convincing that he committed error at that time.
On the contrary, the testimony shows the debts were ascertained to be worthless when charged off. Ruby Meister, the president, testified as follows:
Q. Did you on June 30, 1919, absolutely believe that the accounts of Norman G. Eddy, Ereidman Bros., E. Parant & Company, and Stratton Bros., were uncollectible?
A. Yes, sir.
Q. Did you expect to collect any portion of these accounts?
A. No, I didn’t.
The accountant in charge of the books testified:
Q. What accounts were written off?
A. The bad accounts closed off were Danbury Hat Co., Norman Eddy, Freidman Bros., E. Parant, R. H. Stackel and Stratton Bros.
Q. Did you make the entry?
A. Yes.
Q. Who told you to make that entry?
A. I kept the list of accounts, went through the accounts with Mr. Meister; he informed me that these were bad accounts, stating that they were difficult to collect, as a matter of fact they were in the hands of an attorney, referred back to us as uncollectible, naturally charged off as no good and uncollectible.
The Commissioner’s action in adding the amounts to income in the year ended June 30, 1920, is approved.
The additional amounts of salaries were not paid within the years for which they are claimed, and never have been paid. The question is whether a liability for them was incurred within the year. If not, they can not be allowed. Appeal of Randall Brothers, Inc., 4 B. T. A. 291; Sol Frankel, Inc., 3 B. T. A. 494; American Central Fruit Auction Co., 3 B. T. A. 199. They were never accrued on petitioner’s books. This, it asserts, was a mistake of the bookkeeper. *717 However, the other testimony relating to their authorization was so vague and conflicting that we are unable to find that an obligation arose to pay them. Such obligation can not be found in the bare statement contained in the minutes of the directors’ meeting that it was “ decided to raise the salaries of the directors.” The president testified that at the informal meetings the other officers complained that they cquld not live on $35 a week and wanted larger salaries for this reason, and then he testified that the additional amounts were not drawn because they wished to let the money accumulate in the treasury so that the company would have funds with which to buy a building of its own. These statements, to our minds, can not be reconciled.
Judgment wül te entered on 15 days’ notice, under Rule 50.
Considered by Teussell and Littleton..